# EXHIBIT A

**12-Person Jury**

#40058

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

FILED
11/5/2021 4:00 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L010847

| | |
|---|---|
| **MARIA MADRIGAL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) No. 2021 L |
| v. | ) JURY DEMANDED |
| | ) |
| **MENARDS, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT AT LAW

**NOW COMES** Plaintiff, MARIA MADRIGAL, by and through her attorneys of Weiss Ortiz, P.C., and for her Complaint at Law against Defendant, MENARDS, INC., states as follows:

### THE PARTIES, JURISDICTION AND VENUE

1. At all times relevant, MARIA MADRIGAL ("MARIA"), is an individual residing in Cook County, Illinois and a citizen of the State of Illinois.

2. At all times relevant, Defendant, MENARDS, INC. ("MENARDS") is a corporation with its principal place of business located in Eau Claire, Wisconsin.

3. At all times relevant, MENARDS is a home improvement retail corporation duly registered to conduct business in the State of Illinois and owned or leased and operated, maintained, possessed and controlled the retail store open to the public located at 14975 Lincoln Avenue, Dolton, Illinois 60419 in Cook County ("Premises").

4. Jurisdiction and venue are proper in the Circuit Court of Cook County, Illinois, pursuant to 735 ILCS 5/2-101, as Cook County is the county in which the transactions, allegations and/or where some or part thereof occurred out of which the cause of action arose.

## **OCCURRENCE**

5. That MENARDS invited the general public, including MARIA, to enter the Premises for the purpose of retail shopping.

6. That on December 5, 2019, MARIA was lawfully in Defendant's Premises as a customer of MENARDS for the purpose of retail shopping.

7. That while on the Premises, at approximately 12:15 p.m., MARIA was in or near the screws aisle, and while walking along of near said aisle, MARIA slipped and fell on water that had collected on the floor of the Premises, and MARIA fell heavily on the floor, sustaining the injuries set forth below.

8. MARIA was taken by ambulance to Ingalls Memorial Hospital where she was hospitalized following the incident.

9. That at all times material herein, MARIA was in the exercise of ordinary care and caution for her own safety and did exercise that degree of care and caution for her own safety commensurate with that of an individual of her like age, capacity, discretion, experience, intelligence and ability.

10. That MENARDS had a duty, by its duly authorized agents, servants and/or employees, to exercise reasonable care to make certain that the Premises was in a reasonably safe condition for its business invitees, including Plaintiff, who was lawfully on said Premises.

11. That MENARDS, by its duly authorized agents, servants and/or employees, maintained the flooring at its Premises that Defendant knew or in the exercise of reasonable care should have known, would become slippery when wet, and MENARDS therefore owed a duty to business invitees coming on the Premises, including MARIA, to maintain the floor in a safe condition, including but not limited to maintaining dry and clean flooring conditions, providing

FILED DATE: 11/5/2021 4:00 PM 2021L010847

FILED DATE: 11/5/2021 4:00 PM 2021L010847

adequate lighting and sufficient warning signage, so as to prevent injury to such persons, including MARIA.

12. MENARDS, by its duly authorized agents, servants and/or employees, breached its duty to Plaintiff by one or more than one of the following negligent acts or omissions:

   a. Carelessly and negligently permitting and allowing water to collect and remain on the
      floor of the aisle of the store upon which MARIA was walking;

   b. Carelessly and negligently failing to properly maintain the floors of the store and particularly,
      the floor in the aisle and or area of MARIA'S slip and fall, in a clean and safe condition for
      customers on the Premises;

   c. Carelessly and negligently failing to properly and/or adequately supervise, oversee
      and inspect the Premises so as to prevent the collection of water on its floors;

   d. Carelessly and negligently allowing MARIA to walk in said water on the floor when it knew, or in
      the exercise of ordinary care and caution should have known that it was dangerous and unsafe
      to do;

   e. Carelessly and negligently failing to provide adequate lighting such that the existence of water on
      the floor could have been seen by MARIA and therefore avoided;

   f. Carelessly and negligently failing to make inspection of the Premises at sufficiently reasonable
      times and intervals so as to discover the presence of water and moisture having collected on
      the floor of the store;

   g. Carelessly and negligently failing to mop up and/or otherwise remove the dangerous and
      unsafe condition existing on the Premises by way of water having collected on the floor of the
      store; and

   h. Carelessly and negligently failing to warn its business invitees, including MARIA, by

adequate and sufficient signage of the potential for wet and slippery flooring conditions.

13. That MENARDS had actual knowledge of the fact that water had collected on the floor of the aisle/area near the aisle and of the fact that the floor was thereby rendered dangerous to persons walking on it. Or, if MENARDS lacked the actual knowledge, Defendant, in the exercise of due care, could and should have had such knowledge.

14. That as a direct and proximate result of one or more than one of Defendant's negligent acts and/or omissions, MARIA suffered severe injuries, both internally and externally, of a permanent and lasting nature which have caused and will continue to cause her pain in body and mind, including but not limited to pain and suffering, injury to foot, knee, wrist, back, shoulder, head and emotional suffering;

15. As a direct and proximate result of one or more of Defendant's negligent acts and/or omissions, MARIA sustained damages of a pecuniary nature, past, present and future, including but not limited to injury, pain, suffering, mental and emotional pain and suffering, hospital and medical and related expenses, lost wages and opportunities and Plaintiff has been and in the future will be prevented from fulfilling her daily household activities and she has and will continue to have impairment and limited range of motion that will prevent her from functioning at full capacity.

16. Attached to this Complaint as **Exhibit A** is the attorney Affidavit.

**WHEREFORE**, the Plaintiff, MARIA MADRIGAL, prays judgment be entered in her favor and against Defendant, MENARDS, INC., for a sum in excess of ONE HUNDRED THOUSAND DOLLARS ($100,000) for compensatory and pecuniary damages according to proof and for such other and further relief as this Court deems just and proper.

FILED DATE: 11/5/2021 4:00 PM 2021L010847

FILED DATE: 11/5/2021 4:00 PM 2021L010847

Respectfully submitted,

By: *[signature]*

ADEENA WEISS ORTIZ
One of the Attorneys for Plaintiff

Weiss Ortiz P.C.
1011 E. 31st Street
LaGrange Park, IL 60526
708-937-9223
info@weissortizlaw.com
#40058

FILED
11/5/2021 4:00 PM
#40058 IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

FILED DATE: 11/5/2021 4:00 PM 2021L010847

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| MARIA MADRIGAL, | ) |
| | ) |
| Plaintiff, | ) 2021L010847 |
| | ) |
| v. | ) No. 2021 L |
| | ) JURY DEMANDED |
| MENARDS, INC., | ) |
| | ) |
| Defendant. | ) |

## AFFIDAVIT OF PLAINTIFF'S ATTORNEY
## PURSUANT TO 735 ILCS § 5/2-622

I, ADEENA WEISS ORTIZ, being first duly sworn, on oath, depose and state as follows:

1) The Affiant is the attorney for the Plaintiff.
2) That Plaintiff requested a full and complete copies of the medical records and chart of Plaintiff, MARIA MADRIGAL from Defendants MENARDS, INC.
3) That Plaintiff has not received the full and complete medical records and chart of the Plaintiff, from Defendant, MENARDS, INC.
4) That pursuant to 735 ILCS § 5/2-622 (a)(3), the affidavit and 2-622 written report required by 735 ILCS § 5/2-622 (a)(1) shall be filed within 90 days following receipt of the requested records.

### VERIFICATION

Under penalties as provided by law pursuant to Section 735 ILCS 5/1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to the matters therein stated to be on information and belief and as to such matters the undersigned certifies as a foresaid that he/ she verily believes the same to be true.

* * * * * FURTHER AFFIANT SAYETH NOT * * * * *

*s/ Adeena Weiss Ortiz*
ADEENA WEISS ORTIZ

#40058

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| MARIA MADRIGAL, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2021 L |
| | ) | JURY DEMANDED |
| MENARDS, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ILLINOIS SUPREME COURT RULE 222 (b) AFFIDAVIT

I, Adeena Weiss Ortiz, having been duly sworn, hereby affirm that the total of money damages sought in this cause of action does exceed $50,000.00.

Under penalties as provided by law, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to the matters therein stated to be on information and belief, and as to such matters the undersigned certifies as aforesaid that he/she verily believes the same to be true.

## VERIFICATION

Under penalties as provided by law pursuant to Section 735 ILCS 5/1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to the matters therein stated to be on information and belief and as to such matters the undersigned certifies as a foresaid that he/ she verily believes the same to be true.

* * * * * **FURTHER AFFIANT SAYETH NOT** * * * * *

*s/ Adeena Weiss Ortiz*
ADEENA WEISS ORTIZ

FILED DATE: 11/5/2021 4:00 PM 2021L010847